UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DARREN BENJAMIN** | **CIVIL ACTION NO. 6:15-cv-0568** |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **MICHAEL NEUSTROM, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Darren Benjamin filed the instant civil rights complaint on March 11, 2015.  Plaintiff is not a prisoner, however, he has been permitted to proceed *in forma pauperis*. Plaintiff sues Lafayette Parish Sheriff Michael Neustrom, Manuel Gonzalez, and Ron Rodas, however, his complaint alleges **NO** facts to support any claim arising under 42 U.S.C. §1983.  In addition, plaintiff has filed with his complaint over 1400 pages of documents which appear to be medical records and legal papers of unspecified relevance.  On May 28, 2015 plaintiff was instructed to amend his complaint within 30 days to provide, among other things, "(1)  the name of <u>each person</u>  who allegedly violated plaintiff's constitutional rights; (2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;(3)  <u>the place and date that each event occurred</u>; and (4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation." [Doc. 7] Plaintiff has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §1915 and directed plaintiff to amend and provide the information needed to further evaluate his claims. Plaintiff has disregarded the order to amend, and, has not contacted the court since March 13, 2015, the date he submitted his exhibits.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his claims; however, he has failed to do so within the time limitation provided. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed him to provide only **FACTS** and still plaintiff has refused to comply. Further, plaintiff is not in custody and has nevertheless failed to either amend his complaint or otherwise advise the Court of his intentions with regard to this suit.

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana September 25, 2015.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:  9/25/2015
BY:          EFA
TO:          RTH
　　　　pj